UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON SETTY,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-479

Barrett, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss. (Doc. 8). For the reasons stated below, it is recommended that the motion to dismiss be granted.

## I. PROCEDURAL BACKGROUND

### State Trial Proceeding

On January 25, 2012, in case number 2012-CR-0068, the Clermont County, Ohio, grand jury returned a fourteen-count indictment charging petitioner with six counts of rape, one count of attempted rape, six counts of sexual battery, and one count of disseminating matter harmful to juveniles. (Doc. 7, Ex. 1). Petitioner entered plea of not guilty to the offenses charged in the indictment on February 2, 2012. (Doc. 7, Ex. 2). In a subsequent indictment issued in case number 2012-CR-0731, the grand jury indicted petitioner on two counts of felonious assault. (Doc. 7, Ex. 3). Petitioner pled not guilty to the additional charges, which were consolidated for trial with the offenses charged in the original indictment. (Doc. 7, Ex. 4, 6).

Following a jury trial petitioner was found guilty of all counts charged in the indictments. (Doc. 7, Ex. 10). In case number 2012-CR-0068, petitioner was sentenced to a total aggregate

sentence of two consecutive life without parole prison terms.[1] (Doc. 7, Ex. 11 at PageID 130). Petitioner's two convictions for felonious assault in case number 2012-CR-0731 were merged with the rape convictions for the purposes of sentencing. (Doc. 7, Ex. 12).

## Direct Appeal

On June 27, 2013, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 7, Ex. 14). Petitioner raised the following six assignments of error in his merit brief:

1. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING THE STATE'S MOTION IN LIMINE AND PRECLUDING APPELLANT'S ABILITY TO ADMIT EVIDENCE AT TRIAL WHICH DENIED HIM THE RIGHT TO FULLY DEFEND HIS CASE AT TRIAL.

2. THE TRIAL COURT ERRED BY PRECLUDING APPELLANT FROM CHALLENGING MS. MARION'S QUALIFICATIONS AS AN EXPERT DURING CROSS-EXAMINATION THUS PREJUDICING HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL.

3. THE TRIAL COURT ERRED AS A MATTER OF LAW BY PERMITTING THE PROSECUTOR TO MAKE IMPROPER REMARKS TO THE JURY THUS PREJUDICING APPELLANT'S RIGHT TO A FAIR TRIAL.

4. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A FAIR TRIAL.

5. THE EVIDENCE WAS INSUFFICIENT AS A MATER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTIONS.

6. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY

---

[1] Petitioner received a total of six life without parole prison terms for each of the six counts of rape. The prison terms for counts one through three were to be served concurrently, but consecutive to the three concurrent life without parole prison terms imposed for his convictions on counts four through six. The trial court also imposed a sentence of eight years on petitioner's attempted rape conviction and eighteen months on his conviction for disseminating matter harmful to juveniles, with both of these sentences to run concurrently to his life without parole prison terms. Finally, the trial court determined that the six counts of sexual battery merged with the rape convictions for the purpose of sentencing. (*See* Doc. 7, Ex. 11).

2

SENTENCING APPELLANT.

(Doc. 7, Ex. 15). On June 2, 2014, the Ohio appeals court affirmed in part and reversed in part the judgment of the trial court. (Doc. 7, Ex. 17). The Ohio Court of Appeals reversed the trial court judgment on a portion of petitioner's sixth assignment of error, finding that the trial court erred in sentencing petitioner to life without parole on three of his rape convictions. On remand, the trial court was instructed to resentence petitioner on counts four, five, and six of the indictment. (*Id.* at PageID 239).

### Ohio Supreme Court

On May 5, 2015, petitioner filed a pro se notice of appeal and a motion for a delayed appeal to the Ohio Supreme Court. (Doc. 7, Ex. 18, 19). On June 24, 2015, the Ohio Supreme Court denied petitioner's motion and dismissed the case. (Doc. 7, Ex. 21).

### Resentencing

Meanwhile, on September 11, 2014, the trial court held a hearing for the purposes of resentencing petitioner on the three counts of rape. Petitioner was sentenced to consecutive prison terms of ten years to life on each of the three counts, to be served consecutive to all other sentences originally imposed. (Doc. 7, Ex. 22).

On September 24, 2014, petitioner, through counsel, filed a timely notice of appeal of the September 11, 2014 resentencing to the Ohio Court of Appeals. (Doc. 7, Ex. 23). In his appellate brief, petitioner raised the following single assignment of error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN RESENTENCING APPELLANT
>
> First Issue Presented for Review and Argument: The trial court vindictively increased Appellant's sentence on the Rape counts after a successive appeal to the Ohio Supreme Court which violated his rights under the due process clauses of

3

the United States and Ohio Constitutions.

Second Issue Presented for Review and Argument: The trial court erred as a matter of law by imposing consecutive sentences without making the necessary findings.

(Doc. 7, Ex. 24). On May 26, 2015, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 26).

Petitioner did not seek further review by the Ohio Supreme Court.

## Federal Habeas Corpus Petition

On April 18, 2016, petitioner filed the instant federal habeas corpus action.[2] (*See* Doc. 1). Petitioner raises the following five grounds for relief in the petition:

**GROUND ONE**: The Trial Court erred as a matter of law by granting the state's motion in Limine and precluding appellant ability to admit evidence at trial which denied him the right to fully defend his case at trial.

Supporting Facts: Appellant argues the trial court erred by granting the state's motion in limine to preclude him from admitting certain evidence at trial. The Limine had the same affect as a motion to suppress, as this would preclude him, from reference to evidence throughout all phases of the trial. Appellant was denied and present evidence of (1) Childhood alleged rape, (2) the alleged rape by the mother's ex-husband, (3) The alleged abuse allegations, (4) Hospital records of [L.R.], the alleged victim, her mental health issues, which these issues were essential for a defense, this would have proved the credibility of the witnesses.

**GROUND TWO:** The court denied the defendant from challenging Ms. Marion's Qualification as a Expert during Cross-Examination the precluded the right to a fair trial.

Supporting Facts: Appellant contends Ms. Marion was a registered nurse and not a medical doctor. The defendant was not given the ability to attack her credibility as a medical expert. This denied the defendant's right to a fair trial.

**GROUND THREE**: Prosecution misconduct, the prosecutor made improper remarks to the jury this prejudiced the appellant's right to a fair trial.

---

[2] Petitioner indicates in the petition that he placed the petition in the prison mailing system on February 20, 2016. (Doc. 1 at PageID 62).

4

> Supporting Facts: The prosecutor stated that you have to believe these two little girls concocted these stories about being orally, vaginally, and anally raped because they on their own were worried that their mom was going to lose custody of [H.S.], the biological daughter of the defendant Jason and Natasha, the mother. NOTE On October 29, 2011, the mother did lose custody of [H.S.], by Clermont County Domestic Relations Court, two days before the accusation beginning on October 31, 2011, while she was in North Carolina, the courts would not at this time honor this court order at this time.
>
> **GROUND FOUR**: The Appellant was denied effective assistance of counsel in violation of his constitutional rights to a fair trial.
>
> Supporting Facts: (1) The counsel did not challenge the qualifications and diagnoses, (2) Sufficiently cross-examined R., (3) Did not start impeachment of [Lo.'s & Li.'s] testimony as being coached. (4) Did not object to leading questions by the prosecutor. (5) Did not prepare for trial adequately.
>
> **GROUND FIVE:** The evidence was insufficient as a matter of law and or against the manifest weight of the evidence to sustain appellant's conviction.
>
> Supporting Facts: The alleged victims testimony was not credible and the evidence of these case has showed this conviction was a ploy to obtain the custody of the defendants child and mother of [H.S.]

(Doc. 1).

Respondent has filed a motion to dismiss the petition. (Doc. 8). According to respondent, petitioner procedurally defaulted and has waived all of his grounds for relief.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to satisfy the fair presentation requirement, the

5

claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

6

files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner presented the claims alleged in his grounds for relief as

7

assignments of error on direct appeal to the Ohio Court of Appeals, however petitioner committed a procedural default by failing to pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 2, 2014 decision addressing those assignments of error.[3] Although petitioner later attempted to obtain a delayed appeal with the Ohio Supreme Court, the state's highest court denied petitioner leave to pursue such an appeal.  (*See* Doc. 7, Exs. 18, 21). The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for leave to file a delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits").  Here, as in *Bonilla* and *Baker*, because petitioner failed to pursue a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied petitioner leave to file a delayed appeal, the state's highest court never had the opportunity to consider the merits of the claims alleged in the petition.

Consequently, by failing to fairly present his constitutional claims to the Ohio Supreme Court, petitioner has waived his claims absent a showing of cause for his default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice."  *See Coleman,* 501 U.S. at 750.  *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.  Petitioner has not argued, much less demonstrated, cause to excuse the default.  In his motion to file a delayed appeal to the Ohio

---

[3] Petitioner also failed to seek review in the Ohio Supreme Court from the Ohio Court of Appeals' May 26, 2015 decision overruling his assignment of error on appeal following his resentencing.

Supreme Court, petitioner stated that he was proceeding pro se and lacked knowledge of the law. (*See* Doc. 7, Ex. 19 at PageID 242). However, petitioner's pro se status, ignorance of the law or procedural requirements, and limited access to legal materials are insufficient to constitute cause. *Rogers v. Warden*, No. 1:10-cv-397, 2011 WL 1771691, at \*6 (S.D. Ohio Feb. 8, 2011) (Report and Recommendation), *adopted*, 2011 WL 1753711 (S.D. Ohio May 9, 2011); *see also Bonilla,* 370 F.3d at 498 (holding that the petitioner's pro se status and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause for his failure to perfect a timely appeal to the Ohio Supreme Court).

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. The Court notes that actual innocence, which would permit

9

collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of actual innocence. Petitioner attaches two exhibits to his petition which he claims demonstrate that no sexual abuse occurred to support his convictions. (*See* Doc. 1 at PageID 67, 17–20). However, the exhibits—portions of medical evaluation reports on the two victims by Phyllis K. Marion, a pediatric nurse practitioner who testified at trial as an expert in the field of child abuse pediatrics—were made part of the state court record during trial. (*See* Doc. 10, Transcript at PageID 1033–34, 1046–47, 1064–1066, 1168–1172). Accordingly, the Court is unable to reach the merits of his claims. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted and waived the claims raised in the petition.

Accordingly, in sum, the undersigned finds that petitioner has procedurally defaulted and waived his claims for relief in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

---

[4] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

11

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JASON SETTY,<br>       Petitioner, | Case No. 1:16-cv-479 |
| | Barrett, J. |
| vs. | Bowman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>       Respondent. | **REPORT AND<br>RECOMMENDATION** |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).